UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NEXT LEVEL TECHNOLOGY GROUP, LLC, a South Dakota Limited Liability Company,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WEHDE ENTERPRISES, LLC, a South Dakota Limited Liability Company, and BRANDON WEHDE, individually,<br><br>                    Defendants. | 4:24-CV-04199-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ALLOWANCE OF EXTENSION OF TIME TO RESPOND AND FILE MOTION FOR LEAVE TO AMEND, DENYING DEFENDANTS' MOTION TO STRIKE, AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT |

This matter comes before the court following defendants', Wehde Enterprises (WE) and Brandon Wehde (Wehde), two pending motions to dismiss. *See* Dockets 22, 23. In response to the motions to dismiss, plaintiff, Next Level Technology Group (NLT), filed its first amended complaint. *See* Docket 40. Defendants now move to strike NLT's first amended complaint. Docket 41. NLT opposes the motion, Docket 46, and moves this court for an extension of time to respond and file a motion for leave to amend, Docket 45. The court issues the following order.

## BACKGROUND

On October 31, 2024, NLT filed suit against defendants alleging the following claims: Count I: Breach of Oral Contract; Count II: Unjust Enrichment; Count III: Conversion; Count IV: Tortious Interference with

Business Relationships and/or Expectancies; Count V: Violation of the Stored Communications Act under 18 U.S.C. § 2701; Count VI: Misappropriation of Trade Secrets in Violation of 18 U.S.C. § 1836; and Count VII: Conspiracy. Docket 1 at 8-13. Count I was only brought against defendant WE. *Id.* at 8-9. NLT also moved for an ex parte preliminary injunction against defendants. Docket 3. The court held an evidentiary hearing regarding the preliminary injunction on December 3, 2024, Docket 26, and ultimately denied NLT's motion, Docket 29 at 24.

Prior to the evidentiary hearing, on November 26, 2024, WE filed a motion to dismiss Counts II, III, V, VI, and VII. Docket 22. On the same day, Wehde filed a motion to dismiss every claim against him. Docket 23. NLT filed three unopposed motions to extend the time in which it needed to file a response to defendants' motions to dismiss.[1] Dockets 30, 32, 37. The court granted all three motions, Dockets 31, 34, 38, thereby extending the deadline in which a responsive pleading to defendants' motions to dismiss was due to March 10, 2025, Docket 38.

On March 10, 2025, NLT filed its first amended complaint. Docket 40. The next day, defendants moved to strike NLT's first amended complaint,

---

[1] As both parties note, NLT only requested an extension of time in which to respond to Wehde's, and not WE's, motion to dismiss. *See* Dockets 30, 32, 37 (only referring to Wehde's motion to dismiss when seeking extensions). NLT argues that this was an "inadvertent error," as it believed the orders granting the extensions included time in which to respond to both motions to dismiss. Docket 46 at 2. Because the court determines below that defendants' motions should be denied as moot, the court will consider the three orders granting an extension of time in which to respond to Wehde's motion to dismiss as extending the time in which to respond to include WE's motion to dismiss.

arguing that NLT's right to amend had passed and that, because NLT failed to seek the court's leave or the defendants' consent, its amended complaint was improperly filed. *See* Docket 42 at 1-2. Defendants also request that this court grant the pending motions to dismiss because NLT failed to respond to either motion. *Id.* at 2-3.

In response, NLT argues that defendants' motion to strike should be denied because defendants will not be prejudiced by allowing NLT to amend its complaint. Docket 46 at 4-5. Further, NLT argues that in combination with Federal Rule of Civil Procedure 15(a)(1)(B), and defendants' consent to the three unopposed motions to extend the time in which NLT had to respond to defendants' motions to dismiss, it "retained its right to amend." *Id.* 5-6. Under such circumstances, NLT argues that defendants' motions to dismiss are now moot. *Id.* at 6. In the alternative, NLT moves for an extension of time to respond and file a motion for leave to amend. Docket 45. NLT argues that the court should grant its motion because NLT's failure to submit a responsive brief to the motions to dismiss constitutes excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B). Docket 46 at 6-8. Defendants oppose NLT's motion for an extension of time in which to file a motion for leave to amend because (1) under the rules, NLT does not need to seek an extension of time in which to file a motion for leave to file an amended complaint, (2) NLT does not seek to extend the time in which to respond to defendants' motions to dismiss, and (3) NLT has failed to show that its failure to respond is due to excusable neglect. *See* Docket 50 at 1-2.

**DISCUSSION**

I.     **Defendants' Motion to Strike and NLT's Motion for an Extension of Time to Respond and File a Motion for Leave to Amend**

The court first addresses NLT's motion for an extension of time to respond and file a motion for leave to amend before turning to defendants' motion to strike. In support of its motion, NLT argues (1) that the court should deny the motion to strike because its first amended complaint was properly filed pursuant to Rule 15(a)(1)(B), and (2) that if the court disagrees with its first argument, the court should grant NLT an extension of time to respond and file a motion for leave to amend under Rule 6(b)(1)(B). *See* Docket 46 at 5-7. The court first addresses NLT's argument under Rule 15(a)(1)(B).

A.     **Whether NLT's First Amended Complaint was Procedurally Proper Under Rule 15(a)(1)(B)**

A plaintiff may amend a complaint once as a matter of course within 21 days after serving it or within 21 days after service by the defendant of either a responsive pleading or a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff may amend a complaint only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "But a party is only entitled to a single 21-day period for amending as a matter of course." *Core & Main, LP v. McCabe*, 2023 WL 7017781, at *2-3 (D. Minn. Oct. 25, 2023); *see also* Fed. R. Civ. P. 15, Advisory Committee's Notes, 2009 Amendment ("The 21-day periods to amend once as a matter of course . . . are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.").

4

Defendants filed both of their motions to dismiss on November 26, 2024. Dockets 22, 23. The 21-day period during which NLT could amend its complaint as a matter of course expired 21 days later on December 17, 2024. This deadline is unaffected by the three unopposed motions for an extension of time for NLT to respond to defendants' motions to dismiss.[2] *See, e.g.*, *Rice v. Shelter Mut. Inc. Co.*, 2021 WL 4228344, at *2 (W.D. Mo. May 27, 2021) ("Simply requesting an extension of time, without reference to the filing of an amended complaint, will not extend the time to file an amended complaint as a matter of course pursuant to Rule 15(a)(1)(B)."); *Wilkie v. CTW Acquisition, LLC*, 2017 WL 10505349, at *3 (D. Minn. July 25, 2017) (finding that a stipulated extension of time for plaintiff to respond to the defendant's initial motion to dismiss did not extend the 21-day window); *Core & Main*, 2023 WL 7017781, at *2-3 (holding that the 21-day window does not restart when defendants file a second motion to dismiss). As such, NLT's first amended complaint was procedurally improper because NLT failed to obtain either written consent from

---

[2] Even if the court were to find that the three unopposed motions could extend the 21-day window, in its motions seeking an extension to respond to the motions to dismiss, NLT failed to ask the court to extend the time in which it could amend its complaint. *See* Dockets 30, 32, 37. In similar cases, courts have denied plaintiffs the opportunity to amend their complaint as a matter of course where the plaintiff failed to specifically ask for an extension of the time to file a motion to amend. *See, e.g.*, *Rice v. Shelter Mutual Ins. Co.*, 2021 WL 4228344, at *3 (W.D. Mo. May 27, 2021); *see also Hayes v. District of Columbia*, 275 F.R.D. 343, 345-46 (D.D.C. 2011) ("The history of Rule 15(a) supports the conclusion that an extension of time to file an opposition to a motion to dismiss does not automatically also extend the deadline to amend a complaint under Rule 15(a).").

defendants[3] or leave to amend from the court when it filed the amended complaint on March 10, 2025. Because NLT's first amended complaint was procedurally improper, the court addresses whether it should grant NLT's motion for an extension of time to respond and file a motion for leave to amend.

### B. Whether NLT's Motion for an Extension of Time to Respond and File a Motion for Leave to Amend Should be Granted

Alternatively, NLT argues that if the court determines that its first amended complaint was procedurally improper under Rule 15(a)(1)(B), it requests that the court, under Rule 6(b)(1)(B), grant an "extension of time to permit a motion for leave to amend its [c]omplaint on file pursuant to Rule 15(a)(1)(B)." Docket 45. As NLT clarified in its reply, it is requesting that the court "allow it to respond to the [m]otions to [d]ismiss and file a motion for leave to file the amended complaint that has already been filed." Docket 52 at 2.

Despite clarifying that NLT wants the court to extend the deadline for it to respond to the motions to dismiss, NLT also argues that not extending the 21-day window under Rule 15(a)(1)(B) to allow NLT to file its first amended complaint as a matter of course would be "a harsh reading of Rule 15(a)(1)(B)"

---

[3] The court also disagrees with NLT's argument that because defendants consented to the three motions for an extension in which to respond to the motions to dismiss, NLT "obtained [d]efendants' written consent under Rule 15(a)(2)" to file an amended complaint. Docket 46 at 6. After reviewing the three extension motions, Dockets 30, 32, 37, and defendants' assertion that "[d]efendants would not have consented to, and did not consent to, an extension of time to file an amended complaint," Docket 49 at 2, the court concludes that NLT did not obtain defendants' consent to extend the time in which to file an amended complaint.

that would prejudice NLT. Docket 52 at 2. The court finds that NLT has not provided good cause under Rule 6(b)(1)(B) to explain why the court should extend the 21-day window in which it could amend as a matter of course.[4] *See* Docket 46 at 6 n.1 (explaining that the court should refer to the facts laid out in its first amended complaint to establish good cause, but failing to identify which facts). As noted above, other courts in this circuit have denied the right to amend as a matter of course even when plaintiffs have filed a motion for an extension to respond because the motion does not specifically request to extend the time to amend. *See, e.g.*, *Rice*, 2021 WL 4228344, at *3; *Wilkie*, 2017 WL 10505349, at *3. For similar reasons, the court denies NLT's request to extend the 21-day window because NLT did not make such a request in its motions to extend, *see* Dockets 30, 32, 37, and NLT has failed to explain why good cause exists for its failure to include this request.

As to NLT's request for an extension of time to respond to the motions to dismiss by filing leave to amend, the court agrees with defendants that NLT does not need to move to extend the time in which it can file a motion for leave to amend because NLT can move for leave to amend at any point before trial under Rule 15(a). *See* Fed. R. Civ. P. 15(a). Further, a scheduling order has not yet been entered in this case to limit the time in which a party may seek leave to amend. Because NLT does not need an extension of time in which to respond

---

[4] Rule 6(b)(1)(B) requires parties to show good cause in addition to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

and to move for leave to amend, the court need not analyze whether good cause and excusable neglect exist under Rule 6(b)(1)(B).

Here, NLT failed to comply with either Rule 15(a)(2) or D.S.D. Civ. LR 15.1 when it filed its first amended complaint.[5] But in some instances, "[t]he failure to file a formal motion to amend a complaint 'is not necessarily fatal as long as [the plaintiffs] show a willingness to amend the complaint.' " *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022) (quoting *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999)); *see also* Wright & Miller, Fed. Prac. & Proc. Civ. § 1484 (3d ed. Apr. 2025) (explaining that where leave to amend would have been granted and no prejudice to the non-moving party exists, "[p]ermitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities"). A plaintiff may show its willingness to amend by indicating "the substance of the proposed amendment to the district court." *In re 2007 Novastar Fin. Inc., Secs. Litig.*, 579 F.3d 878, 885 (8th Cir. 2009) (quoting *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985)); *see also In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961, 977 (N.D. Iowa Mar. 8, 2011) ("[A] conditional request for leave to amend must include, or must be shortly followed by, indication of the substance of the proposed amendment.").

---

[5] Should NLT wish to amend in the future, it must comply with Rule 15(a)(2) and D.S.D. Civ. LR 15.1.

NLT has done more than merely request an opportunity to file a motion for leave to amend. By filing its first amended complaint, NLT has provided "the substance of the proposed amendment to the district court." *In re 2007 Novastar Fin. Inc., Secs. Litig.*, 579 F.3d at 885 (quoting *Clayton*, 778 F.3d at 460). And NLT has taken steps to address some of the issues raised in the defendants' motions to dismiss in its first amended complaint. *Compare* Docket 24 at 12-13 (arguing that complaint's count for conspiracy should be dismissed), *with* Docket 40 (dropping the count for conspiracy). Thus, the court finds that NLT has demonstrated a strong willingness to amend by filing an amended complaint that makes some substantive changes based on weaknesses identified in the motions to dismiss. As such, even though NLT failed to file a formal motion to amend in compliance with Rule 15(a)(2) and D.S.D. Civ. LR 15.1, the court construes NLT's motion seeking an extension of time to file a motion for leave to amend as a motion for leave to amend its original complaint.

In considering a motion for leave to amend, "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and "parties should usually be given at least one chance to amend their complaint," *Wisdom*, 167 F.3d at 409. This is because it is preferable "to have claims decided on the merits rather than on the pleadings." *Carter v. United States*, 123 Fed. App'x 253, 259 (8th Cir. 2005). The Eighth Circuit has liberally construed the leave to amend standard, finding that "[u]nless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Becker v. Univ. of Neb.*, 191 F.3d 904, 907-08 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

Because the interests of justice may be best served by granting NLT's motion as a motion for leave to amend, *see Carter*, 123 Fed. App'x at 259, the court will treat NLT's first amended complaint as the operative complaint so that its claims can be addressed on the merits. Defendants argue that they would be prejudiced by the court granting NLT's motion because providing NLT with an extension of time in which to file a motion for leave to amend would create delays while the parties draft and file further briefing. Docket 50 at 4. But construing NLT's motion as a motion for leave to amend and granting such a request mitigates any further delay because additional briefing is no longer necessary. At this early stage of the proceedings, the court finds that there is little prejudice to defendants in designating NLT's first amended complaint as the operative complaint. And as NLT notes in its reply, at this stage, there is no good reason under the liberal leave to amend standard to deny NLT's motion for leave to amend. *See* Docket 52 at 4-5.

Because any prejudice to the defendants is limited and the case is at the pleading stage, the court grants NLT leave to amend its complaint. As such, NLT's first amended complaint, filed on March 10, 2025, is the operative complaint in this case. Thus, the court also denies defendants' motion to strike the amended complaint.

10

## II.   Defendants' Motions to Dismiss

When a party files a motion for leave to amend a complaint in response to a motion to dismiss, the motion to dismiss may be rendered moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). Defendants argue that they will be prejudiced if NLT is able to avoid its procedural error because defendants' "motions to dismiss would then need to be re-drafted and filed again." Docket 50 at 4. The court finds that any prejudice to defendants from treating NLT's first amended complaint as the operative complaint is limited because this case is still in the pleading stage and defendants may re-use their work product in seeking to dismiss the first amended complaint, should they choose to do so. Thus, the court finds that defendants' motions to dismiss are denied as moot.

## CONCLUSION

For the reasons above, NLT's first amended complaint is now the operative complaint in this case. In accordance with the court's order granting defendants' motion to extend (Docket 48), defendants must file their answer to the first amended complaint within 14 days of this court's order. Thus, it is

ORDERED that NLT's motion for allowance of extension of time to respond and file motion for leave to amend (Docket 45), as construed as a motion for leave to amend, is granted. It is

FURTHER ORDERED that defendants' motion to strike (Docket 41) is denied. It is

11

FURTHER ORDERED that defendants' motions to dismiss (Dockets 22, 23) are denied as moot.

Dated April 23, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE